## EDWARDS *vs.* PERRY.

It is a general rule that when a party has occasion to prove an instrument, the execution of which is attested by a subscribing witness, he may, upon showing his inability to produce such witness, prove the execution of the instrument by other evidence.

But he can only be allowed to do so when the subscribing witness has become disqualified without his agency. If, by his own act, he has rendered the witness incompetent, proof of his handwriting will not be received.

Where the subscribing witness to a promissory note purchases the same of the payee, and brings an action thereon in his own name, he cannot recover by merely proving his own handwriting as a subscribing witness.

APPEAL from the Greene county court. The action was brought before a justice of the peace. Upon the trial the plaintiff produced and proved a note made by the defendant, payable to himself for $23.84, and an account against the defendant for eight dollars. He also produced another note, of which the following is a copy :

"On demand, for value received, I promise to pay Isaac Van Valkenburgh or bearer, seven dollars and thirty-two cents, with interest. Dated Athens, October 1. 1853.

his
DANIEL ✕ PERRY."
mark.

Witness, John H. Edwards.

A witness was called by the plaintiff, who testified that he was acquainted with the plaintiff's handwriting, and that his signature, as a subscribing witness to the note, was genuine. The defendant's counsel objected to the evidence, on the ground that the plaintiff was himself the subscribing witness. The objection was overruled, and the justice rendered judgment for the amount of the two notes and the account. Upon appeal to the county court the judgment was affirmed.

*W. E. Leete,* for the plaintiff.

*A. Greene,* for the defendant.

*By the Court,* HARRIS, J.   It is a general rule that when a party has occasion to prove an instrument, the execution of which is attested by a subscribing witness, he may, upon showing his inability to produce such witness, prove the execution of the instrument by other evidence.   But he can only be allowed to do so when the subscribing witness has become disqualified without his . agency.   If, by his own act, he has rendered the witness incompetent, proof of his handwriting will not be received.   (1 *Greenl. Ev.* §§ 167, 572.   *Hovill* v. *Stephenson,* 5 *Bing.* 493.)   In the case last cited, the action was upon a charter party.   After the execution of the instrument, the plaintiff had admitted the subscribing witness to an interest in the contract.   Upon the trial he was offered as a witness, but rejected, on the ground of interest.   The plaintiff then offered to prove his handwriting, but the evidence was excluded.   The plaintiff being unable to prove the instrument upon which his action was founded was nonsuited.   Upon a motion to set aside the nonsuit, it was held that the evidence was properly rejected. Best, Ch. J., in delivering the opinion of the court, said : " The handwriting of a subscribing witness who has been appointed an executor or administrator, or has married. the person to whom the instrument was given, has been allowed to be proved. We do not dispute the authority of any of those decisions ; but, in the present case the witness has only obtained an interest in the contract which he was to prove, and that interest he derived immediately from the plaintiff, who proposed to call him.   The plaintiff cannot complain that his witness is disqualified, when he himself has been the cause of his disqualification."

In the case before us, the plaintiff had disqualified himself by purchasing the note, and then becoming the plaintiff in the action.   He was the sole. cause of his own disqualification. The defendant had executed the note by making his mark.   He had secured to himself the right, whenever it should be sought to enforce that instrument against him, to have the circumstances attending its execution stated upon the cross-examination of the plaintiff, as the subscribing witness.   Of that right

the plaintiff had voluntarily deprived him, and, having done so, he should not have been allowed to recover upon the note by merely proving his own handwriting as a subscribing witness. The judgment should therefore be reversed.

[ALBANY GENERAL TERM, September 3, 1855. *Parker, Harris* and *Watson,* Justices.]